**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MAJOR KENNETH MARKOVICH,**     :

                                 :

       **Plaintiff**          **CIVIL ACTION NO. 3:13-3096**

                                 :

       **v.**

                                 :          **(JUDGE MANNION)**

**PANTHER VALLEY SCHOOL**
**DISTRICT, R. MICKEY ANGST,**    :
**and ROSEMARY POREMBO**

                                 :

       **Defendants**

## MEMORANDUM

Pending before the court is the motion for summary judgment of defendants Panther Valley School District (hereinafter PVSD)and Rosemary Porembo, (Doc. 55). Based upon the court's review of the motion and related materials, the defendants' motion will be granted with respect to Count II, procedural due process claim. The court will not exercise supplemental jurisdiction with respect to Count IV, breach of contract claim, and this claim will be dismissed without prejudice.


## I.     BACKGROUND

Plaintiff Kenneth Markovich was a Reserve Officer Training Corps (hereinafter ROTC) instructor in the Panther Valley School District. While he was injured and out on leave, the district superintendent contacted the Army, questioning plaintiff's qualifications to teach the ROTC program. Plaintiff also

received an "unsatisfactory" rating from the school board. Following these events, which plaintiff believes were retaliatory and in violation of state law and of his contract, plaintiff was placed on paid administrative leave at a public meeting. Although the board's solicitor advised the board not to make public the name of the employee being placed on leave, R. Mickey Angst, a board member, disclosed plaintiff's name at the meeting and on his personal blog. Thereafter, the local newspaper ran a story stating that plaintiff had been placed on leave. Plaintiff responded to the story and he received a letter of reprimand from the district for doing so. Plaintiff was eventually placed on unpaid leave, then fired. Plaintiff then instituted this suit against the school district, its superintendent, and Mr. Angst, bringing claims for violations of the Civil Rights Act, the U.S. Constitution, and state law claims.

Specifically, as a result of the disclosure of his employment information and his termination, plaintiff instituted this suit on December 27, 2013, bringing eight claims: Count I, against PVSD and Superintendent Porembo for retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §2000(e), *et seq*.; Count II, against PVSD and Porembo for violation of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. §1983; Count III, a claim for substantive due process under the Fifth and Fourteenth Amendments against PVSD and Porembo pursuant to 42 U.S.C. §1983; Count IV, against PVSD and Porembo for breach of contract; Count V against

Mr. Angst for intentional infliction of emotional distress ("IIED"); Count VI against Mr. Angst for invasion of privacy; Count VII for enterprise liability against PVSD; and Count VIII against Mr. Angst for public disclosure of private facts.

On February 17, 2014, defendants PVSD and Superintendent Porembo filed a motion to dismiss all claims against them. (Doc. 12). Defendant Angst also filed a motion to dismiss the claims against him on May 7, 2014. (Doc. 30).

On July 28, 2014, the court issued an Amended Memorandum and Amended Order, (Docs. 46, 47), and directed as follows:

> ... defendants PVSD and Porembo's motion to dismiss, (Doc. 12), is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Count I, for Title VII discrimination, which is **DISMISSED with prejudice**. The motion is **DENIED** as to Count II, the procedural due process claim. The motion is **GRANTED** as to Count III, the 5th and 14th amendment substantive due process claims. The 5th Amendment claim is **DISMISSED with prejudice**, while the 14th Amendment claim is **DISMISSED with prejudice.** The motion is **DENIED** as to Count IV, the breach of contract claim. The motion is **GRANTED** as to Count VII, the enterprise liability claim, which is **DISMISSED with prejudice**. The claims brought pursuant to §1983 against Porembo in her official capacity are **DISMISSED with prejudice**. Plaintiff may amend his complaint to allege additional claims against PVSD and Porembo, provided he has a good faith basis for adding the claims. Defendant Angst's motion to dismiss, (Doc. 30), is **GRANTED**. Counts V, VI, and VIII, the claims against Angst, are **DISMISSED with prejudice**.

Thus, defendant Angst was dismissed entirely from this case. Count II,

the Fourteenth Amendment procedural due process claim against PVSD and Porembo in her individual capacity, under §1983 remains, as well as Count IV, the breach of contract claim. On November 13, 2014, defendants PVSD and Porembo filed their answer to the complaint with "affirmative defenses."[1] (Doc. 54).

After discovery was completed, defendants PVSD and Porembo filed a motion for summary judgment, pursuant to Fed.R.Civ.P. 56, with respect to Counts II and IV. (Doc. 55). Defendants argue as follows: that plaintiff lacked the appropriate Pennsylvania Teaching Certification and could not continue his employment with the PVSD; plaintiff lacked the appropriate Certification from the United States Department of Army Junior Reserve Officer Training Corps and he was ineligible to teach JROTC courses at the Panther Valley School District; and plaintiff lacked a protected property interest in his continued employment with PVSD. The motion has been briefed, a statement of material facts and a response have been filed as well as exhibits, including plaintiff's deposition transcript. (Docs. 57, 58, 60, 61, 63).[2]

---

[1]In their answer, defendants incorrectly referred to "new matter" which is a term used in state court pleadings and not a term used in federal court.

[2]Plaintiff's counter statement of material facts is not proper under L.R. 56.1, M.D.Pa., as they are legal conclusions to which no response is required. (Doc. 61, ¶'s 91-102).

## II.   MATERIAL FACTS[3]

Plaintiff Major Kenneth Markovich is retired from the Pennsylvania National Guard. After retiring, he obtained a certification to teach in the ROTC program from the Department of the Army Cadet Command. He also attained a teaching certificate from the Department of Education. In 2009, he was hired as a junior ROTC ("JROTC") instructor by the PVSD. An employment contract was drafted by PVSD, which plaintiff did not receive until the last day of orientation, and plaintiff advised Superintendent Rosemary Porembo that he did not like portions of the contract since he believed he was not receiving benefits that other teachers had received. Plaintiff was not a member of the teacher's union and the contract prohibited plaintiff's membership in any union. He also found the contract very confusing since it referenced verbiage about the union despite the fact that membership in a union by the JROTC instructor would not be recognized. The original contract plaintiff had with PVSD lasted for one year. Plaintiff's contract stated that the board and the JROTC instructor will renew the contract on a yearly basis, by June 30th. The contract had a one year expiration. It is not clear if it automatically renewed each year as plaintiff believed it did, or if renewal was within the board's discretion.

---

[3]Unless otherwise noted, the facts are taken from the parties' statements of material facts, responses thereto, and the exhibits submitted. The facts are largely undisputed.

In order to be certified to teach the JROTC program, plaintiff had to be retired from military service with twenty years of military service, honorably discharged, and had to complete a certification test through Cadet Command. He was also required to send in various documents, which had to be verified, such as officer evaluation reports. Cadet Command oversaw the JROTC program and instructors and it conducted a yearly evaluation of the PVSD JROTC program. Plaintiff was required to take the teachers' certification test with the Pennsylvania Department of Education prior to being eligible to instruct the JROTC program. Additional certifications, either through Cadet Command or through the Commonwealth of Pennsylvania, were required to continue to serve as a JROTC instructor. In particular, a JROTC instructor had to take the Praxis II to obtain the Vocational Level 2 certification through the Department of Education. Additionally, he needed to attend the basic course and advanced course of JROTC training through Cadet Command. It appears that the plaintiff never satisfied the requirements of the Vocational Level 2 certification nor did he satisfy the requirements of the Cadet Command basic course. Plaintiff did satisfy the requirements for the Cadet Command advanced course at sometime prior to his leave on workers' compensation.

Plaintiff's salary as a JROTC instructor was based on an army regulation which set minimum instructor pay, in coordination with PVSD.

6

Under the agreement between PVSD and the Army, the district would be reimbursed one half of the plaintiff's salary by the Department of the Army.

In May 2012, three years after he was hired, plaintiff injured his Achilles tendon requiring surgery. As a result, the plaintiff was placed on workman's compensation leave from PVSD. Plaintiff alleges that he was not properly compensated by PVSD while he was unable to work. More particularly, he claims that pursuant to his contract the district failed to provide him with the difference between his workers' compensation payment and his regular pay.

In May of 2012, the plaintiff received an unsatisfactory evaluation for the 2011/2012 academic year. Plaintiff was again evaluated for the 2012/2013 academic year and again received an unsatisfactory rating, allegedly at the direction of Superintendent Rosemary Porembo. On June 6, 2012, Plaintiff submitted a Memorandum to the district challenging his performance review and unsatisfactory rating. He asked that they be purged from his record.

On August 6, 2012, plaintiff received a correspondence from Superintendent Porembo informing him that his JROTC contract for the 2012/2013 academic year had not been approved at the June 28, 2012 nor the July 26, 2012 regular board meetings. Since he was not approved as the JROTC instructor for the 2012/2013 school year, his bi-weekly pay was halted, as his contract had not been renewed for another academic year. On August 7, 2012, Superintendent Porembo received a correspondence from

the Department of the Army informing the district that unless plaintiff's contract was renewed, a retired Army Officer should be hired to replace him.

In July, August and September of 2012, while plaintiff was out on leave, Superintendent Porembo contacted the Cadet Command to complain about plaintiff's performance including complaints involving missing money from the JROTC program.

Also in September 2012, Principal Joseph A. Gunnels contacted the Army informing them of several concerns he had with plaintiff's ability to operate the JROTC program.

Plaintiff returned to work at PVSD in November 2012 following his Achilles tendon injury. Shortly thereafter, on December 12, 2012, the Army recommended decertification of plaintiff based on his inability to teach the JROTC class and his failure to complete courses necessary to retain his certification as both a JROTC instructor and teacher in Pennsylvania. Cadet Command had conducted an investigation, including an interview of plaintiff and taking his written statement. (Doc. 58-1). Following the investigation, on February 7, 2013, plaintiff and PVSD received notification from the Army that it was their intent to withdraw his certification to instruct the JROTC program. (Doc. 58-8). The notice informed plaintiff that withdrawing his certification would prevent him from having any association with JROTC. Superintendent Porembo followed up with a letter to plaintiff referencing the Army's notice and

8

advising him that the district was placing him on administrative leave, with pay, beginning February 12, 2013. This administrative leave was pending resolution of the decertification proceeding initiated by the Army as well as any appeal from it. On March 3, 2013, plaintiff appealed the Army's decision to withdraw his certification and responded to the allegations against him. (Doc. 58-9).

At the PVSD board's February 28, 2013 meeting, the plaintiff was placed on administrative leave with pay. The board solicitor advised that the plaintiff should not be publicly named as the employee being placed on leave. Disregarding this advice, R. Mickey Angst, a member of the PVSD school board, yelled out "Ken Markovich." Subsequently, a newspaper article identified plaintiff as the individual placed on administrative leave. Plaintiff responded to the article with a letter to the editor for which he received a letter of reprimand from PVSD. Additionally, before the February meeting, Mr. Angst had identified plaintiff on his blog concerning Superintendent Porembo's complaints to the Army.

On March 13, 2013, Superintendent Porembo sent plaintiff a letter advising him that his status would be changed to administrative leave without pay beginning March 15, 2013. This was as a result of the Army's suspension of their shared costs of the program.

On April 5, 2013, the plaintiff alleged that PVSD violated his contract as

he could not be disciplined without just cause. He also alleged that he had been disciplined without due process. (Doc. 58-1, at 79-80).

On April 25, 2013, Deputy Commander Erik Peterson informed plaintiff of his intention to withdraw plaintiff's certification to serve as a JROTC instructor. On May 30, 2013, Superintendent Porembo sent an e-mail to plaintiff offering him the opportunity to review any of his concerns as well as the results of the U.S. Army investigation. (Doc. 58-11).

The plaintiff appealed both the investigation outcome and his decertification through Cadet Command. On June 5, 2013, Major General Jefforey A. Smith affirmed the decisions. There is no dispute that plaintiff exhausted his appellate remedies regarding his decertification through the U.S. Army Cadet Command.

On June 7, 2013, Superintendent Porembo sent a letter to plaintiff informing him that he failed to appear for a meeting that was scheduled for June 5, 2013, to discuss his decertification. (Doc. 58-13). The purpose of the June 5 meeting was to go over all of the correspondence Porembo sent to plaintiff and to discuss the effect of his JROTC instructor decertification. Plaintiff was then informed that the district would be terminating his employment at the next regularly scheduled board meeting on June 13, 2013.

As such, plaintiff was terminated from his employment with PVSD at the June 13, 2013 board meeting. On June 14, 2013, plaintiff received a

correspondence from Superintendent Porembo informing him that the board had terminated his contract upon the Army's decision to withdraw his certification to serve as JROTC instructor, in accordance with Cadet Command regulation 145-2, Chapter 4, effective April 25, 2013. Following his termination, plaintiff filed for, and was granted, unemployment compensation.

There is no dispute that plaintiff needed an active certification from Cadet Command to serve as an instructor for the JROTC program. Plaintiff did not have a JROTC certification at the end of the 2013 academic year. If the district decided to retain an uncertified instructor, the Army would not reimburse half of the instructor's salary. (Doc. 58-1, at 92-93).

Plaintiff alleges that his employment contract with PVSD specifically stated the district would renew his contract on a yearly basis by June 30th and, that if the district did not act, his contract would automatically renew each year, indefinitely. (Id., at 91-92).

Plaintiff claims that he was not afforded an opportunity to be heard regarding any of the complaints PVSD had against him. Regarding his instant due process claim, plaintiff alleges "it's not the adequate notice [he was contesting], it's the opportunity to be heard. I was never afforded the opportunity to represent myself against any of the allegations." (Id., at 90). However, plaintiff admits that the reason the district chose not to renew his contract at the end of the 2012-2013 academic year was "because [he] was

not certified through Cadet Command." (Id., at 94-95).

## III. STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; *see also* Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

Moreover, the Third Circuit indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007) (citation omitted). A material factual dispute is one that may affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)). However, if the non-moving party

"fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007); Watson v. Eastman Kodak Co., 235 F.3d 851, 858 (3d Cir. 2000) (the non-movant must establish the existence of each element on which it bears the burden of proof).

## IV.    DISCUSSION

### A. Count II: §1983 Claim for Violation of the 14th Amendment Due Process Clause

Count II of plaintiff's complaint alleges a violation of the 14th Amendment due process clause against PVSD and Superintendent Porembo pursuant to 42 U.S.C. §1983. The court has jurisdiction over plaintiff's constitutional claims pursuant to 28 U.S.C. §1331 and §1343(a). Plaintiff alleges that his procedural due process rights were violated since he had a property and/or liberty interest in his contract to teach JROTC at PVSD, and that he was terminated without being provided adequate notice or a hearing.

Section 1983 does not itself bestow substantive rights, but instead creates a remedy for violation of a person's constitutional rights. Gonzaga

14

Univ. v. Does, 536 U.S. 273 (2002). The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983.

To establish a claim under §1983, a person must prove that someone deprived him of a constitutional right while acting under the color of state law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997)(overturned on other grounds) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Acquiescence exists where "a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so." Festa v. Jordan, 803 F.Supp. 2d 319, 325 (M.D. Pa. 2011) (quoting Robinson, 120 F.3d, at 1294).

The 14th Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, §1. "[A] procedural due process analysis involves a two step inquiry: (1) does

15

the complaining party have a protected liberty or property interest and, if so, (2) does the available process comport with all constitutional requirements." Bowen v. Ryan, 2006 WL 3437287 (M.D. Pa. Nov. 29, 2006) aff'd, 248 F.App'x 302 (3d Cir. 2007); *see also* Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).

In our July 28, 2014 Amended Memorandum, (Doc. 46), the court held that plaintiff's contract provided him with a property interest in his employment because he could only be deprived of professional advantage for just cause. As such, the first step of the procedural due process analysis has been previously decided and is satisfied.

Since it has been determined that plaintiff has a protected property interest, the court now considers the second step of the due process analysis to determine whether the process available to plaintiff met constitutional requirements." Pre-deprivation due process is satisfied if, prior to the deprivation, a public employee is given: (1) written or oral notice of the charges; (2) an adequate explanation of the evidence; and (3) an adequate opportunity to present her side of the story." Belas v. Juniata Cty. School Dist., 2005 WL 2100666, at *7 (M.D. Pa. Aug, 26, 2005)(*citing* McDaniels v. Flick, 59 F.3d 446, 454 (3d Cir.1995)). The case of *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), requires that "an employee who has a property interest in continued employment is entitled to pretermination

notice and an opportunity to respond to present reasons why proposed action should not be taken." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1077 (3d Cir. 1990). In conjunction with *Laudermill*, the court must determine whether the plaintiff had sufficient notice and an opportunity to respond after defendants notified him in March 2013 that he would be placed on administrative leave without pay because the Army was decertifying him as a JROTC instructor. 470 U.S. at 546. In his complaint, plaintiff alleged that he was not provided with "adequate notice and a meaningful opportunity to be heard" and, that the board violated its own policies as well as plaintiff's contract in failing to extend him adequate process.

Plaintiff argues that disputed genuine issues of material fact exist as to whether he was provided with notice of the charges, an adequate explanation of the evidence, and an adequate opportunity to present his side of the story. However, plaintiff admitted in his deposition that he was not contesting the notice he received, but rather he was contesting the opportunity to be heard. (Doc. 58-1, at 90). Plaintiff contends that he did not have an opportunity to defend himself against any of the allegations prior to his termination by PVSD. "[T]o determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990).

As detailed above, the record indicates that plaintiff received an

adequate explanation of the charges against him. He was afforded ample opportunity to explain his situation, and to challenge the decision by the Army that he should be decertified as a JROTC instructor as well as the effect of this decertification on his position with PVSD. Superintendent Porembo sent plaintiff a letter dated March 13, 2013, advising him that he would be placed on administrative leave without pay effective March 15, 2013 since the Army was suspending its share of his salary. Plaintiff admitted that he received formal notification from the district that he was being placed on administrative leave without pay and that the board had approved it. (Doc. 58-1, at 78-79). On April 25, 2013, the Army notified plaintiff that his certification to serve a JROTC instructor was being withdrawn, and that "[e]ffective immediately you are no longer permitted to serve as a Junior ROTC Instructor or to associate officially in any manner with the Army Junior ROTC Program." (Doc. 58-1, Ex. 10).

On May 30, 2013, Superintendent Porembo sent an e-mail to plaintiff providing him with an opportunity to meet and discuss his concerns and the results of the Army's investigation and his decertification. On June 5, 2013, plaintiff failed to attend the meeting. As such, plaintiff did not take advantage of his opportunity to present his side to defendants. Plaintiff was then informed that the district would be terminating his employment at the next regularly scheduled board meeting on June 13, 2013. There is no indication

that plaintiff attended the June 13, 2013 board meeting. In fact, plaintiff indicated that after April of 2013, he did not think he spoke to anyone on the board about his position as the JROTC instructor despite the fact that he was provided with several opportunities to do so.

Plaintiff's allegations that "[t]here was no opportunity to be heard for any of the allegations" and that "I was never afforded the opportunity to represent myself against any of the allegations", (Doc. 58-1 at 90), are belied by the evidence. Plaintiff's conclusory statements, without affirmative evidence to support, are insufficient to defeat summary judgment since the record evidences that plaintiff was given the chance to tell his side of the story. *See* Rega v. Beard, 2012 WL 224894, *1-*2 (W.D.Pa. Jan. 25, 2012) (citations omitted); Vetri v. Thompson Consumer Elecs., Local No. 178, 2004 WL 1490522, at *6 (M.D.Pa. May 18, 2004) (court found that plaintiff's "naked assertion" without corroboration of evidence was not sufficient to warrant a jury trial) (citing Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1989) (Garth, J., concurring) ("To defeat a motion for summary judgment, *competent* evidence must be produced ..." (emphasis in original)). Moreover, it was the Army's determination to revoke plaintiff's JROTC certification which resulted in his inability to teach PVSD's JROTC program.

Thus, defendants provided plaintiff with notice that the Army's decision may impact his position with PVSD. They also gave plaintiff opportunities to

meet with them and discuss the effects of his decertification on his position prior to his termination. There is no evidence to support plaintiff's belief that he could continue to teach the JROTC program without having a certification from the Army, nor that PVSD would continue the program on its own without the Army to share the cost of such an instructor.

Additionally, plaintiff names PVSD as a defendant and alleges that it violated his constitutional rights, under *Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)*. However, plaintiff's complaint does not state a proper municipal liability claim against PVSD under *Monell*. *See* Moeck v. Pleasant Valley School Dist., 983 F.Supp.2d 516, 524 (M.D.Pa. 2013). "Municipal employers, such as school districts, ... , cannot be held vicariously liable for the constitutional violations committed by their employees." Id. "Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation." Id. In fact, plaintiff alleges in his complaint that PVSD had policies in place with respect to the discipline of tenured teachers, including the right to notice of any accused wrongdoing and the opportunity to confront the charges and to be heard. (Doc. 1, at 4-5). There is no official policy of PVSD alleged to have caused plaintiff's violation of his procedural due process rights.

Since the evidence demonstrates that the process plaintiff was afforded

met constitutional requirements prior to his termination, *i.e.*, notice, an explanation of the detrimental effect of decertification, and an opportunity to explain his side, defendants' summary judgment motion shall be granted with respect to Count II, the 14th Amendment procedural due process claim.

**B.**     **Count IV: Breach of Contract Claim**

Based on judicial economy, convenience and fairness to the litigants, the district court in its discretion is permitted to decline the exercise of supplemental jurisdiction over state law claims if the court has dismissed all of the claims over which it had original jurisdiction. Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009) (citations omitted). The court has made the appropriate considerations and finds no extraordinary circumstances exist in this case to exercise supplemental jurisdiction over plaintiff's breach of contract claim. Thus, since plaintiff's only remaining federal claim over which this court had original jurisdiction (*i.e.*, 14th Amendment procedural due process claim) shall not be permitted to proceed to trial, the court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law breach of contract claim, Count IV, against defendants. *Id.; see also* 28 U.S.C. §1367(c)(3); Verdecchia v. Prozan, 274 F.Supp.2d 712, 728 (W.D. Pa. 2003).

As such, plaintiff's state law breach of contract claim shall be dismissed

21

without prejudice. Kach, 589 F.3d at 650 ("If a district court decides not to exercise supplemental jurisdiction and therefore dismisses state-law claims, it should do so without prejudice, as there has been no adjudication on the merits.") (citation omitted).

## IV.    CONCLUSION

For the foregoing reasons, defendants PVSD and Porembo's motion for summary judgment, (Doc. 55), is **GRANTED** as to Count II, the 14th amendment  procedural due process claim. The court declines to exercise supplemental jurisdiction over plaintiff's state law breach of contract claim, Count IV, and this claim is **DISMISSED WITHOUT PREJUDICE**. A separate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 6, 2015**